UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| P&M SERVICES, INC., <br> a Tennessee corporation, <br><br> Plaintiff <br><br> v. <br><br> ANDRE LAVALLEE, <br> an individual, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION O. 04-40173-FDS <br> (BBO #633929) |

**BRIEF IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**I. INTRODUCTION**

Plaintiff P&M Services, Inc.'s ("plaintiff") Complaint against defendant Andre Lavallee ("Lavallee") is an abuse of process. Lavallee was, at all times relevant to the allegations contained in plaintiff's Complaint, an employee of L&P Converters, Inc. ("L&P"), a defunct and soon to be bankrupt corporation in Southbridge, Massachusetts. His accused conduct was within the scope of his authority as an employee of L&P.

Plaintiff and L&P, controlled by Mr. Karl Thomas and Mr. Martin Gubb, respectively, have a lengthy history of bitter and acrimonious lawsuits. The Massachusetts action is the fifth. Plaintiff first sued L&P for patent infringement in Florida in 2001. That case was transferred to the Eastern District of Wisconsin. (Lawsuit No. 2.) That suit is still pending. L&P then filed a third lawsuit in the Central District of California against plaintiff for patent infringement of a patent which names Lavallee as the inventor. The California case is now dismissed. There, P&M sought to take

{J:\CLIENTS\lit\020932\0100\00477729.DOC;1}

Lavallee's deposition but could not because of Lavallee's medical condition. A fourth lawsuit was filed by Gubb in Michigan seeking a declaration that he has no personal liability for any infringement by L&P.

The present litigation was filed purely for the purposes of taking Lavallee's deposition in the hopes that it would yield testimony injurious to Gubb. This is clear from the overtures plaintiff has already made in this litigation. Plaintiff's gambit must fail. Because Lavallee was an employee acting within the scope of his authority, he is immune from prosecution for patent infringement. Accordingly, plaintiff's Complaint must be dismissed.

## II. FACTS

Plaintiff and L&P are in the business of cutting rolls of paper. They are fierce competitors, each having patents protecting various methods and apparatuses for cutting paper. In 2001, P&M sued L&P in the U.S. District Court for the Southern District of Florida (Civil Action No. 01-14019) raising claims for patent infringement. On December 18, 2001, plaintiff's lawsuit against L&P was transferred to the Eastern District of Wisconsin (Civil Action No. 01-C-1267). Those infringement claims were based on the same underlying facts at issue in this lawsuit. Lavallee was an employee of L&P during the period for which he is accused of infringing plaintiff's patents. (See Exhibit A, Declaration of Lavallee, ¶¶ 3 - 5.) In this lawsuit he is accused of manufacturing, using, offering for sale and selling roll cutters or paper sizing machines which infringe at least one of the claims of plaintiff's U.S. Patent Nos. 5,964,024 and 6,282,776 ("the '024 patent" and "the '776 patent", respectively) (collectively "the patents-in-suit"). Even though plaintiff is well aware of the fact that Lavallee was an employee of L&P, plaintiff's Complaint against Lavallee omits any reference to this

relationship. The closest plaintiff comes to revealing this fact is in paragraph 20 where plaintiff states:

> Lavallee actively and knowingly assisted Martin Gubb, Sterling and/or L&P in the sale of a roll cutter or paper sizing machine to Quad Graphics.

(Complaint, ¶ 20.)[1]

Plaintiff's true motivation for bringing this lawsuit is simply to take Lavallee's deposition.[2] During the pendency of the California lawsuit, plaintiff sought to take Lavallee's deposition to explore its theory of inequitable conduct. Plaintiff was frustrated in that effort by the fact that Lavallee has a serious medical condition which precludes him from being deposed. Plaintiff believes that if Lavallee is an actual party, his deposition will be required. This is why plaintiff filed the instant action. Witness the September 30, 2004 letter from plaintiff's counsel to Lavallee's counsel. Even though Lavallee has not yet responded to the Complaint, one of the first issues counsel raised was the taking of Mr. Lavallee's deposition. (See Exhibit B, September 30, 2004 letter from Mark Demorest to Seth Rodack, p. 1.)

For purposes of this motion, the only fact that matters is that Lavallee was, at all relevant times, an employee of L&P. This is undisputed. Under these circumstances, the law is absolutely clear. Because Lavallee was an employee of L&P acting within the scope of his authority, he is

---

[1] Sterling and Quad Graphics were also named as defendants in the Wisconsin lawsuit.

[2] This conclusion is buttressed by the fact that Lavallee has already offered to transfer this case to Michigan where it can be consolidated with the action filed by Gubb. The issues and facts of these two lawsuits are intertwined. Combining these two lawsuits eliminates redundant discovery and reduces costs (both parties' counsel are located in Michigan). Despite the clear need (and benefits) to consolidate, P&M has conditioned such a transfer on Lavallee being made available for deposition. If Lavallee's motion is denied and P&M remains intractable, Lavallee

immune from prosecution for patent infringement. Plaintiff's Complaint should be dismissed and Lavallee, a physically ill individual suffering from a well-documented heart condition, should be awarded his costs and attorneys' fees to discourage any further harassment.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a party's pleadings. The allegations are taken as true. Jenkins v. McKeithen, et al., 395 U.S. 411, 421 (1969). The complaint is then examined to determine if a claim for relief has been made out. In the case at bar, even if all facts contained in plaintiff's Complaint are taken as true, as a matter of law, Lavallee cannot be held liable for patent infringement and plaintiff's claim must be dismissed.

### IV. ARGUMENT

A. Because Lavallee Was An Employee At All Times Relevant To This Lawsuit, He Cannot Be Held Liable For Patent Infringement

Plaintiff's Complaint alleges that Lavallee directly infringed the claims of the patents-in-suit and induced others to infringe. But Lavallee was, at all relevant times, an employee of L&P. This is undisputed.

Lavallee's immunity from prosecution for patent infringement under these circumstances is clear from the Federal Circuit's opinion in the case of Manville Sales Corp. v. Paramount Systems, Inc., 917 F.2d 544 (Fed. Cir. 1990). In Manville, an employee of Paramount Systems obtained a copy of a drawing of a patented device. He sent that drawing to another employee who in turn instructed a third employee to use that drawing to design a competing product. The actions taken by the first two employees would have clearly constituted willful infringement but for the fact that they

---

will file a motion to transfer.

were acting within the scope of their employment with Paramount Systems. The Federal Circuit stated that for these two employees to be personally liable, "there must be evidence to justify piercing the corporate veil." Id. at 552. The Federal Circuit went on to state:

> The court, however, must 'start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception.' Moreover, unless there is at least 'specific intent to escape liability for a specific tort . . . the cause of justice does not require disregarding the corporate entity.'
>
> In the instant case, the district court determined that [the two employees] were personally liable for direct infringement. The district court based this decision on its finding that [the two employees] took actions that assisted the copying of Manville's design. [The first employee] obtained a drawing of Manville's iris arm design from the Florida Department of Transportation. He sent it to [employee number 2] who passed it on to Paramount's designer for use in designing Paramount's self-centering device. Although these facts support the conclusion that [these two employees] had knowledge of their acts, **these acts were in the scope of their employment and thus were protected by the corporate veil.**

Id. at 552-53 (emphasis added).

The Federal Circuit went on to hold that it was an abuse for the district court to determine that these two employees were personally liable because they had, at all times, acted within the scope of their employment. Accordingly, the Federal Circuit reversed the lower court. Id. at 553. All of Lavallee's alleged acts were undertaken at L&P's direction and within the scope of his authority as its agent. Plaintiff does not allege otherwise. Under these facts, Lavallee cannot be held liable for direct infringement of the patents-in-suit. Id.

Nor does plaintiff's claim of patent infringement by inducement fair any better. As the Federal Circuit stated in Manville, to establish that an employee acting within the scope of his employment is personally liable for inducing infringement, a plaintiff must be shown to have

*knowingly* induced infringement. Id. at 553 (citing to Water Technologies Corp. v. Calco, Ltd., 850 F.2d 660, 668 (Fed. Cir. 1988)). In Manville, the Federal Circuit stated:

> It must be established that the defendant possessed specific intent to encourage another's infringement **and not merely that the defendant had knowledge of the acts alleged to constitute inducement**. The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts *and* that he knew or should have known that his actions would induce actual infringements.
>
> Id. (bold added, italics in original).

Here, plaintiff has failed to allege any facts supporting these critical elements. Plaintiff's claim for inducing patent infringement is as follows:

> 18. Lavallee has actively and knowingly induced infringement of at least one of the claims of the patents-in-suit.
>
> 19. Lavallee by offering and soliciting the use of roll cutters or paper sizing machines has actively and knowingly induced infringement of at least one of the claims of the patents-in-suit.
>
> 20. Lavallee actively and knowingly assisted Martin Gubb, Sterling and/or L&P in the sale of a roll cutter or paper sizing machine to Quad Graphics.
>
> 21. Lavallee's inducement of infringement of the patents-in-suit was willful.
>
> 22. Lavallee's actions were and are without authority from P&M or predecessors.
>
> 23. Lavallee has benefitted from his inducement of infringement of the patents-in-suit.
>
> 24. P&M has suffered substantial monetary injury and loss as a result of Lavallee's inducement of infringement of the patents-in-suit.
>
> (Complaint, ¶¶ 18-24.)

Plaintiff's Complaint is devoid of any factual allegation that Lavallee had a specific intent to encourage others to infringe the patents-in-suit. Even when plaintiff's factual allegations are taken as true, Lavallee did nothing more than offer to sell and solicit the use of roll cutters and/or paper sizing machines within his capacity as an employee of L&P. Under Manville, this is legally insufficient. Plaintiff must allege not only that Lavallee's actions induced infringement but also that Lavallee knew or should have known that his actions would induce actual infringement. Plaintiff's claim is legally insufficient.

Dismissing plaintiff's claim is consistent with long-standing, well-settled law. In Art Metal Works Inc. v. Henry Lederer & Bro., Inc. et al., 36 F.2d 267 (S.D. N.Y. 1929), the New York court stated as follows:

> Assuming, therefore, for the purposes of this motion, that the defendant Schrager was at all relevant times and now is the managing agent of the Lederer Company in charge of a place of business of that company in this city, it seems to me that all the acts of which he is accused would naturally fall within the scope of his employment as such managing agent.
> An allegation that Schrager has derived personal profit from the sale of cigar lighters does not necessarily mean that he did more than receive a salary and/or commission as managing agent from making such sales.
> I think such a statement of a general conclusion of fact is not sufficient to take the case out of the settled rule **that suits for patent infringement should not be maintained against an officer or employee of a corporation unless infringement outside of the scope of his authority as such officer or employee is affirmatively shown.**

Id. at 269.

In the 1905 case of Cazier v. Mackie-Lovejoy Manufacturing Co. et al., 138 F. 654 (7th Cir. 1905), the Seventh Circuit stated:

> The appellee company, a corporation, can act only through its officers and agents. We find nothing in the record to show that the appellee Deknatel acted beyond the ordinary scope of his office. No cause of action against him is made out.

Id. at 656.

In United Nickel Co. v. Worthington, 13 F. 392 (D. Mass 1882), in a case of patent infringement, the court addressed the issue of whether the directors, stockholders and workmen of the corporation could be liable. The United Nickel Co. court stated the general principle that a mere workman who makes a patented article is not an infringer and then stated:

> I am of the opinion that the only persons who can be held for damages are those who should have taken the license, and that they are those who own or have some interest in the business of making, using, or selling the thing which is an infringement; and that an action at law cannot be maintained against the directors, shareholders, or workmen of a corporation which infringes a patented improvement.

Id. at 394.

In a 2003 article entitled "The Personal Liability of Corporate Officers for Patent Infringement" by Linda J. Oswald, Professor of Business Law at the University of Michigan, Professor Oswald noted that:

> To date, however, courts have not held non-officer employees individually liable for patent infringement committed by their corporations, but rather have extended liability only to 'persons who are significant shareholders in the corporation, executive officers or chief executives, presidents of the corporation, alter-egos of the company, or other high ranking individuals with personal control, supervision, and direction of both the company and the copying of the patent.'
>
> Linda J. Oswald, *The Personal Liability of Corporate Officers for Patent Infringement*, 44 IDEA, 1156, 166 n.2 (2003)(citing *Wilden Pump & Engineering Co. v. Pressed & Welded Products Co.*, 655 F.2d 984, 990 (9th Cir. 1981)).

Lavallee was an employee. He was not an officer, director or principal or in any other way a person with control over L&P Converters. (See Exhibit A, Declaration of Lavallee, ¶¶ 3 - 5.) Plaintiff has made no allegation that Lavallee acted outside the scope of his employment. Under the circumstances, there is simply no precedent for holding him personally liable for patent infringement. Plaintiff's Complaint should be dismissed.

## V. CONCLUSION

For all the reasons set forth above, this Court should grant Lavallee's Motion, dismiss the Complaint, award Lavallee all attorneys' fees and costs so wrongfully incurred in defending this harassing lawsuit, and grant all such other relief as this Court deems fair and equitable.

                              Respectfully submitted,
                              ANDRE LAVALLEE
                              By his attorneys,


                              /s/ James P. Hoban
                              James P. Hoban (BBO #633929)
                              Bowditch & Dewey, LLP
                              311 Main Street, P.O. Box 15156
                              Worcester, MA 01615-0156
                              (508) 791-3511

                              and

                              Mark A. Cantor (#P32661)
                              Seth E. Rodack (#P55738)
                              Brooks Kushman P.C.
                              1000 Town Center
                              Twenty-Second Floor
                              Southfield, MI 48075-1238
                              (248) 358-4400

Dated: October 6, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

P&M SERVICES, INC.,
a Tennessee corporation,

    *Plaintiff*,

v.

ANDRE LAVALLEE,
an individual,

    *Defendant*.

HONORABLE F. DENNIS SAYLOR IV

CIVIL ACTION NO. 04-40173 FDS

## DECLARATION OF ANDRE LAVALLEE

I, Andre Lavallee, state as follows:

1. If called as a witness in this matter, I could competently testify because I am over the age of eighteen and have personal knowledge of all of the facts set forth below.

2. I have reviewed P&M Services, Inc.'s Complaint. P&M has accused me of engaging in conduct which infringes its U.S. Patents Nos. 5,964,024 ("the '024 patent") and 6,282,766 ("the '766 patent")(collectively "the patents-in-suit").

3. Every allegedly infringing act I undertook was during the period of my employment with L&P Converters, Inc. ("L&P"), at its request, on its behalf and within the scope of my authority as an employee of L&P.

Exhibit A

4. I have never undertaken any of the allegedly infringing acts in my capacity as an individual or on my own behalf.

5. I am not now, nor have I ever been, an officer or director of L&P, I have never owned an interest in L&P, and I have never otherwise directed the activities of L&P.

I declare under penalty of perjury that the foregoing is true and correct.

_____
ANDRE LAVALLEE

Dated: 10/5/04

Law Offices of
# MARK S. DEMOREST, PLLC

Business Law • Litigation • Employment Law • Real Estate • Construction Law • Estate Planning • Probate

Mark S. Demorest
mdemorest@rileyburley.com
Christopher L. Haven
chaven@rileyburley.com

Of Counsel
Robert F. Riley
William C. Hurley
Allison M. Ensch*

*Also admitted in Illinois

September 30, 2004

**VIA FAX AND FIRST CLASS MAIL**

Seth E. Rodack
Brooks & Kushman, P.C.
1000 Town Center, Suite 2200
Southfield, Michigan 48075

Re:  **P&M Services, Inc. v Andre Lavallee**
**U.S. District Court, District of Massachusetts**

Dear Seth:

This letter is to follow up on our telephone conversation last week, in which you asked that we agree to transfer the lawsuit against Andre Lavallee to Michigan, and consolidate it with the pending lawsuit filed by Martin Gubb. Before we can agree to this request, we need to resolve some other issues concerning the various pending lawsuit.

First, your firm represented to the U.S. District Court in Wisconsin that a voluntary bankruptcy petition will be filed for L&P Converters on or about September 30, 2004. Please let me know whether that is still the case. Once the bankruptcy is filed, please provide me with the court and case number.

Second, we have been attempting for some time to take the deposition of Lavallee. That deposition certainly needs to be taken in the lawsuit against Lavallee for patent infringement. Please let me know whether you and Mr. Lavallee will agree to the prompt taking of his deposition. I propose the date of Friday, November 5, 2004 for his deposition in Massachusetts.

Third, if the only pending lawsuit will now be in Michigan, then we need to discuss how prior discovery taken in the Florida, Wisconsin and California cases may be used in the Michigan case. We need to meet to discuss these issues.

19853 W. Outer Drive, Suite 100 • Dearborn, Michigan 48124
(313) 565-1330 • Facsimile (313) 565-1318
Web: www.lawyers.com/mdemorest

Exhibit B

**LAW OFFICES OF MARK S. DEMOREST, PLLC**

Mr. Rodack
September 30, 2004
Page 2

---

Fourth, it is also your obligation, as the attorney for the plaintiffs in the Michigan lawsuit filed by Mr. Gubb, to schedule a meeting to prepare a discovery plan for the case.

Please call me to discuss these issues.

Sincerely yours,

LAW OFFICES OF MARK S. DEMOREST, PLLC

Mark S. Demorest

MSD/mm

P:\Demorest\Thomas, Karl\Norkol - Fibercore\Gubb\Lavallee\l-rodack 0929.04.doc