UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| | ) | |
| P&M SERVICES, INC., a Tennessee | ) | Case No. 04-40173-FDS |
| corporation, | ) | |
| Plaintiff, | ) | |
| v | ) | |
| | ) | (Docket No. 5270-0001) |
| ANDRE LAVALLEE, | ) | |
| Defendant. | ) | |

## BRIEF IN OPPOSITION TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Andre Lavallee's ("Lavallee") Motion must be treated as a Motion for Summary Judgment under Fed. R. Civ. P. 56, because Lavallee has presented matters outside the pleadings. Fed. R. Civ. P. 12(b)(6).

Lavallee's Motion must be denied. First, it is premature. Pursuant to Rule 56(f), the Court should deny the Motion or continue the Motion until Plaintiff P&M Services, Inc. ("P&M") has a reasonable opportunity to take discovery. Second, Lavallee has mischaracterized the appropriate legal test. He is not "immune" from liability for patent infringement or inducement of patent infringement. Third, there are genuine issues of material fact that preclude summary judgment under Fed. R. Civ. P. 56.

**<u>Argument</u>**

**I.    Lavallee's Motion must be Treated as a Motion for Summary Judgment Under Rule 56**

Lavallee's Motion is actually a Motion for Summary Judgment under Rule 56, rather than a Motion to Dismiss under Rule 12(b)(6), because he has submitted matters outside the pleadings in support of his Motion.  Rule 12(b)(6) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Lavallee's Motion falls within this provision of Rule 12(b)(6).  Lavallee's Motion is not based solely on the allegations in the Complaint field by Plaintiff P&M Services, Inc. ("P&M").  Lavallee has filed a self-serving Declaration regarding his job duties, and asks the Court to dismiss the Complaint in reliance on the "facts" set forth in that Declaration.  Lavallee has also submitted a copy of a letter from P&M's attorney to a lawyer who is representing both Lavallee and his employer, L&P Converters ("L&P").  Thus, Lavallee's Motion must be treated as a summary judgment motion under Rule 56.

## II.    Lavallee's Motion for Summary Judgment is Premature

Lavallee asks the Court to grant him summary judgment, even though no discovery has been taken in this case.  Indeed, Lavallee acknowledges that he has been successful in his efforts to prevent P&M from taking a full deposition of Lavallee in other lawsuits.  Lavallee claims that a heart condition makes him too ill to be deposed, even though he works full time for L&P.  It is unconscionable for Lavallee to seek summary judgment at the same time that he has blocked P&M from taking a full deposition.

Rule 56(f) allows the Court to deny a Motion for Summary Judgment or continue the motion until discovery has been taken.  Rule 56(f) states:

**(f) When Affidavits are Unavailable.**  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In <u>Resolution Trust Corporation</u> v <u>North Bridge Associates</u>, 22 F.3d 1198 (1994), the First Circuit stated that the purpose of Rule 56(f) is to "safeguard against judges swinging the summary judgment axe too hastily." <u>Id.</u> at 1203.  See also, <u>Clifford</u> v <u>Social Security Administration</u>, 223 F.R.D. 19, 2004 U.S. Dist. Lexis 16142 (D. ME 2004).

As set forth in the attached Declaration of Counsel, P&M has not had the opportunity to take any discovery in this case, and must be able to do so in order to explore the allegations made in Lavallee's Declaration.

**III.    Lavallee is not "Immune" from Liability for Patent Infringement or Inducement of Patent Infringement**

Lavallee claims that he is "immune" from liability to P&M.  Lavallee relies on a discredited decision of the U.S. Court of Appeals for the Federal Circuit, as well as three court opinions that are 75, 99 and 122 years old.  Lavallee mischaracterizes the law.  As discussed below, he may be personally liable for patent infringement and/or inducement of patent infringement.

P&M has alleged claims against Lavallee for patent infringement and inducement of patent infringement.  These claims, which have separate statutory bases, will be analyzed separately.

Lavallee relies on <u>Manville Sales Corp.</u> v <u>Paramount Systems</u>, 917 F.2d 544 (Fed. Cir. 1990) to argue that he may not be liable for patent infringement without piercing of the corporate veil.  However, <u>Manville</u> does not support summary judgment, because it requires a factual determination of whether Lavallee's acts of infringement were within the scope of his job duties for L&P.

Furthermore, <u>Manville</u> has been criticized by many other courts.  A good discussion of the issues is found in <u>Symbol Technologies, Inc.</u> v <u>Metrologic Instruments, Inc.</u>, 771 F Supp 1390 (D. NJ 1991).  In that case, the court recognized that a claim for

patent infringement is a tort claim, and that a person is personally liable for all torts committed by him.  35 USC §271(a) imposes liability on any person who "without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefore…"[1]  See also A. Stucki Co. v Schwam, 634 F Supp 259 (ED PA), modified on other grounds 638 F Supp 1257 (ED PA 1986).  While Schwam was an officer of the defendant corporation, the basis for his personal liability was his knowing participation in the manufacture and sale of the infringing product.

In this case, the issue is whether Lavallee may be personally liable for the tortious acts he committed.  He has cited no authority for the novel argument that he is immune for liability for his own torts.  As discussed below, Lavallee was not merely an employee of L&P.  He personally copied P&M's patented machine, built at least three copies of the machine and sold at least one of the three copies.  This tortious conduct makes him personally liable for patent infringement.

Even the Manville decision recognizes that there is a different standard for inducement of infringement.  Lavallee glosses over Count II of the Complaint.  35 USC §271(b) provides that "whoever actively induces infringement of a patent shall be liable as an infringer."  Thus, one who actively assists with infringement of a patent may be personally liable as long as the alleged infringer's actions induced infringing acts and he knew or should have known that his actions would induce actual infringements.

---

[1] The Symbol Technologies court also noted that the Manville decision is not binding precedent because it was not an *en banc* decision of the U.S. Court of Appeals for the Federal Circuit.

Lavallee has cited no authority that a person who commits the tort of inducement of patent infringement is immune from liability because he was merely a corporate employee, not a shareholder or director. Tort liability is based on a person's actions, not a person's status.

## IV. Genuine Issues of Material Fact

Even if the Court is going to consider Lavallee's Motion without giving P&M the opportunity to take discovery in this case, it is clear from discovery already taken in other related lawsuits that genuine issues of material fact exist concerning Lavallee's liability for patent infringement and/or inducement of patent infringement.

The last full deposition of Lavallee was taken in July 2001. In that deposition, he testified that he is employed by L&P as a maintenance supervisor, in charge of "maintenance of all the machinery, industrial trucks, buildings, tractor trailers" (excerpt from deposition is attached as **Exhibit B**, p. 9). At the same time, Lavallee admits that he went to a plant where P&M's machine was operating and took pictures of it (**Exhibit B**, pp. 22-24, 32-34). Lavallee is also listed as the inventor of L&P's infringing machine **(Exhibit A)**. Lavallee also acknowledges, on page 7 of his Brief in Support of Motion to Dismiss, that he offered to sell and solicited the use of the infringing machines.

Lavallee's actions fall outside the scope of a maintenance supervisor's duties. Thus, even under <u>Manville</u>, there is a question of fact that precludes granting summary judgment to Lavallee.

As **Exhibit C**, and subject to the Court granting a separately-filed Motion to Impound Pursuant to LR, D.Mass. 7.2, P&M is also submitting under seal excerpts from the deposition of Alex Infantino, taken earlier this year in the Wisconsin lawsuit.[2]  Those excerpts establish that Lavallee took pictures of P&M's machine and then built at least three copies of it, knowing that they were copies.

In summary, there are questions of fact regarding Lavallee's liability for patent infringement and/or inducement of patent infringement.

## V.    P&M's Motive

Lavallee argues that P&M's motive in suing him is to take his deposition.  P&M's motive is irrelevant to this Motion.  Furthermore, P&M properly wants and needs to take Lavallee's deposition to determine the extent of his liability to P&M.  Finally, P&M is looking for a collectible party to pay its damages.  As Lavallee has acknowledged in his Brief, L&P is "a defunct and soon to be bankrupt corporation" (p. 1).  If Lavallee breached P&M's patents or induced their infringement, then he should be required to pay P&M's damages to the extent of his assets.

---

[2] The deposition transcript is considered "confidential" under the Protective Order entered in that case.

**Conclusion**

As set forth more fully in the Brief in Opposition, the Court should deny

Lavallee's Motion to Dismiss, and award Plaintiff the costs and attorney's fees it has

incurred in responding to this matter.

/s/ Arthur F. Dionne
J. Kevin Grogan (MA No. BBO635089)
Arthur F. Dionne (MA No. BBO125760)
John A. Kramer (MA No. BBO643421)
McCormick, Paulding & Huber, LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103-1628
Telephone No. (413) 736-5401
Facsimile No. (413) 733-4543

Dated:        October 20, 2004

**Of Counsel:**
Wm. Tucker Griffith
McCormick, Paulding & Huber, LLP
185 Asylum Street, City Place II
Hartford, Connecticut 06103-3402
Telephone No. 860-546-5290
Fax No. 860-527-0464

P:\Demorest\Thomas, Karl\Norkol - Fibercore\Gubb\Lavallee\p-brf in opp mot dismiss.doc